UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH THOMPSON (#109223)                         CIVIL ACTION

VERSUS

RICHARD L. STALDER, ET AL.                       NO. 07-0203-RET-CN

<u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 15, 2009.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH THOMPSON (#109223)                              CIVIL ACTION

VERSUS

RICHARD L. STALDER, ET AL.                            NO. 07-0203-RET-CN

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 13.  This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary Richard L. Stalder and Warden N. Burl Cain.  The plaintiff complains that the 1991 repeal of La. R.S. 15:571.14 and the subsequent unilateral modification of the terms of his written agreement with prison officials violate the ex post facto clause and Article I, Section 10 of the Louisiana and United States Constitutions.

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  In Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Id., quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, ___ U.S. ___, 127 U.S. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, in order to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se

Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, <u>supra</u> (citations omitted).

In his Complaint, the plaintiff alleges that in 1990, he executed a written agreement, in accordance with then-statutory authority set forth in La. R.S. 15:571.14, whereby he agreed to waive incentive pay in order to receive double good time credit toward early release. At the time of execution of this agreement, Louisiana law provided that, "[i]nmates who receive increased good time under this Section shall not be deemed indigent as defined by the department, <u>except for the necessities of life and services required by law and regulations of the department</u>." (Emphasis added). The plaintiff further asserts that, at the time of his written agreement, the regulations of the Louisiana Department of Public Safety and Corrections defined "necessities of life" as including medical services and legal mail. In addition, the law provided that the plaintiff could lose a maximum of thirty (30) days of accrued good time per month for disciplinary violations. Notwithstanding, the Louisiana Legislature repealed La. R.S. 15:571.14 in 1991 or 1992, whereupon prison officials, over time, have changed prison rules so as to result in the charging of the plaintiff for medical services, in the charging of the plaintiff for mail and legal services, and in the confiscation of up to 180 days of accrued good time credit per month for disciplinary violations. As a result, the plaintiff has incurred a charged

balance exceeding $4,000.00, and he complains that, by these actions, the defendants have violated the ex post facto and impairment of contracts provisions of the Louisiana and United States Constitutions.

In response to the plaintiff's Complaint, the defendants have not addressed the potential substantive merit of the plaintiff's contentions.  Instead, the defendants have raised largely procedural objections in response to the plaintiff's assertions.

First, the defendants contend that the plaintiff is precluded from bringing this action by virtue of the Eleventh Amendment to the United States Constitution, which Amendment prohibits the bringing of lawsuits in federal court against a state, its agencies or persons acting as official representatives thereof.  However, whereas the defendants are correct that this Amendment precludes the bringing of lawsuits seeking monetary damages against defendants in their official or representative capacities under § 1983, it is unclear in this case whether the plaintiff has named the defendants in their individual, their official or in both capacities. Notwithstanding, considering the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities.

The distinction between personal and official capacity suits has been addressed by the United States Supreme Court in Hafer v.

Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). In Hafer, the Court made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is barred by the Eleventh Amendment. Id. It is clear in this case, therefore, that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities for monetary damages. The defendants' motion should thus be granted in this regard.

Notwithstanding the foregoing, a suit against a state official in his personal capacity seeks to impose _individual_ liability upon a government official for actions taken by the official under color of state law. Thus, a showing by the plaintiff that a state official, acting individually and under color of state law, caused the deprivation of the plaintiff's federal right, is enough to establish personal liability in a § 1983 lawsuit. Id. Further, a state official in his or her official capacity, when sued for _injunctive_ relief, is not a prohibited defendant because official capacity actions for prospective relief are not treated as actions against the state. Will v. Michigan Department of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). See also 15 Am.Jur.2d Civil Rights § 101. Thus, the plaintiff in this case may seek to recover monetary damages from the defendants insofar as the defendants are sued in their individual capacities for actions taken by them which have caused the alleged deprivation of the plaintiff's constitutional rights. In addition, the

plaintiff may seek to obtain future injunctive relief against the defendants in their official capacities to the extent that the plaintiff is able to establish his entitlement thereto. Accordingly, the defendants' motion to dismiss must be denied to the extent that it seeks dismissal of the plaintiff's claims against them for injunctive relief and for monetary damages in the defendants' individual capacities.

The defendants next contend, inexplicably, that the plaintiff lacks standing to pursue his claim for declaratory and injunctive relief in this lawsuit. Specifically, the defendants seem to argue that there is no actual controversy in this case because there is no reasonable likelihood that the defendants will continue to subject the plaintiff to the injury of which he complains. In making this argument, however, the defendants refer the Court only to decisions involving what appear to be discrete and isolated past incidences of wrongdoing and injury by state officials in cases where the likelihood of repetition as to the individual claimants was limited, as for example, a claim of excessive force during arrest, <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), a claim of past incidences of police brutality, <u>Howard v. City of Greenwood</u>, 783 F.2d 1311 (5th Cir. 1986), a claim involving conditions at a facility made by <u>former</u> residents thereof, <u>Nelson v. King County</u>, 895 F.2d 1248 (9th Cir. 1990), and a claim involving alleged wrongful conduct during investigation of a train accident, <u>Brotherhood of Locomotive</u>

Engineers v. Jones, 1992 WL 370126 (E.D. La. Dec. 1, 1992).  The defendants contend, based upon these decisions, that in order for the plaintiff in this case to have an active case or controversy, the State of Louisiana would need to reinstate La. R.S. 15:571.14, the plaintiff would need to re-sign his agreement to accept double good-time in lieu of incentive wages, and the State would need to then again rescind the referenced statute.  The Court disagrees with the defendants' reasoning.  In order to have standing, a plaintiff must have an ongoing controversy which has caused him damage and which has not become moot.  In the instant case, the plaintiff alleges that he has been charged in excess of $4,000.00 for medical services and legal supplies which he otherwise would not have incurred had the defendants honored their agreement.  The plaintiff further suggests that he is continuing to incur these charges.  Moreover, the plaintiff asserts that he has been and will be deprived of excessive amounts of good-time credit because of the defendants' wrongdoing, which deprivation will result in his remaining incarcerated beyond the date he believes to be appropriate.  In the Court's view, therefore, the plaintiff has clearly alleged a controversy which has caused and which will continue to cause him alleged injury.  The contention that he lacks standing to pursue such claim is therefore untenable and should be rejected.

Based upon the foregoing, the Court concludes that the defendants' motion to dismiss should be denied.  Specifically, the

Court concludes that it is appropriate for the defendants to address the plaintiff's substantive contention that his constitutional rights have been violated and are being violated (1) by the application of an ex post facto act of legislation and/or (2) by the violation of the impairments of contracts provision of the United States Constitution.  The Court expresses no view regarding the potential merit thereof.[1]

Lastly, the plaintiff also seeks to invoke the supplemental jurisdiction of this court.  District courts, however, may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of state law, if the claim substantially predominates over the claims over which the district court has original jurisdiction, if the district court has

---

[1] Insofar as the plaintiff alleges that the repeal of La. R.S. 15:571.14 violates the ex post facto clause of the United States Constitution, the claim may be without substantive merit. Article I, § 10 of the United States Constitution provides that "[n]o State shall ... pass any ... ex post facto law." U.S. Const. art. I, § 10.  An ex post facto law, however, has been interpreted as one which imposes a punishment for an act which was not punishable at the time it was committed; or an additional punishment to that then prescribed; or changes the rules of evidence by which less or different testimony is sufficient to convict than was then required; or in relation to the offense or its consequences, alters the situation of a party to his disadvantage. Duncan v. Missouri, 152 U.S. 377, 382, 14 S.Ct. 570, 572, 38 L.Ed. 485 (1894).  The prohibition against ex post facto laws, therefore, may be applicable only to laws that are criminal or penal in nature. See, e.g., Smith v. Doe, 538 U.S. 84, 92, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003).  Further, even though a law may work to the disadvantage of a defendant, a procedural change does not necessarily result in an ex post facto law.  Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).  It is appropriate, however, for the defendants to respond to the potential substantive merit of the plaintiff's claim, including specifically his claim that the defendants' actions have violated the impairment of contracts provision of the United States Constitution.

dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, in light of the foregoing, it is recommended that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

RECOMMENDATION

It is recommended that the Court decline to exercise supplemental jurisdiction and that the defendants' Motion to Dismiss, rec.doc.no. 13, be granted in part, such that the plaintiff's claim for monetary damages against the defendants in their official capacities be dismissed, and denied in all other respects, and that this action be referred back for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, January 15, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**